UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) Criminal No. 1:19-cr-10117-IT <br> ) |
| GORDON CAPLAN | ) <br> ) |
| Defendant. | ) <br> ) |

## ASSENTED-TO MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THE SENTENCING MEMORANDUM AND CERTAIN EXHIBITS

Pursuant to Local Rule 7.2 for the U.S. District Court for the District of Massachusetts, Gordon Caplan respectfully moves for permission to file under seal portions of his Sentencing Memorandum and certain supporting exhibits. Counsel for the government has informed undersigned counsel that it assents to this motion.

These documents contain information of a highly sensitive nature. Specifically, sealing is necessary to protect confidential information regarding the private medical information and sensitive personal information concerning Mr. Caplan, his wife, his two children, and a limited number of people who have submitted letters in support of Mr. Caplan. Mr. Caplan requests that this information remain sealed until further order of the Court.

Local Rule 7.2 permits a party to file a motion to seal or impound certain materials. If the moving party files a statement supported by good cause, the Court may seal the material until further order. *See* Local Rule 7.2(a). In evaluating whether to seal judicial records, courts weigh the public's presumptive right of access to judicial records with any "[i]mportant countervailing interests" that can "overwhelm the usual presumption and defeat access." *See United States. v.*

*Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (quoting *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).

The privacy rights of defendants and third parties constitute significant countervailing interests that can overcome the presumption of access. *Id.* at 62 (citing *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987)); *In re Boston Herald, Inc.,* 321 F.3d 174, 190 (1st Cir. 2003). Courts analyzing whether privacy interests overcome the presumption of access "consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* If the information at issue implicates traditionally private subjects, such as "family affairs, illnesses, embarrassing conduct with no public ramifications," and similar conduct, privacy interests will "weigh more heavily against access." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

Medical information is "universally assumed to be private, not public." *Id.* at 63 (quoting *In re Boston Herald*, 321 F.3d at 190); *see also United States v. Kravetz*, 948 F. Supp. 2d 89, 93 (D. Mass. 2013) (ordering portions of defendant's sentencing memorandum and attached letters discussing the defendant's and third parties' medical history redacted). The proposed information to be sealed here represents specific instances where the privacy interests of Mr. Caplan and third parties in their medical histories clearly outweigh the presumption of public access.

Similarly, third-party privacy interests are "a venerable common law exception to the presumption of access" that "weigh heavily in a court's balancing equation." *Kravetz*, 706 F.3d at 62 (quoting *Amodeo*, 71 F.3d at 1050–51). Out of the many letters Mr. Caplan is submitting that are being publicly filed, certain of Mr. Caplan's friends, family members and former colleagues submitted letters of support to the Court containing sensitive information about themselves or their family members. As these letters involve information "traditionally considered private," the

privacy rights of these third parties strongly favor sealing.  *Id.*; *cf.* FED. R. CRIM. P. 49.1(a) (reflecting concern for privacy by requiring redaction of certain information such as minors' names in criminal filings).  Disclosure of this information would gravely harm the privacy interests of third parties by making public deeply personal information regarding their health and families.

## CONCLUSION

The documents that Mr. Caplan moves to seal or redact include highly sensitive information that, if disclosed, would cause severe injury to the privacy interests of Mr. Caplan and third parties.  WHEREFORE, Mr. Caplan respectfully requests that the Court grant its motion to file under seal portions of his Sentencing Memorandum and supporting exhibits.

Dated: September 16, 2019    Respectfully submitted,

By: /s/ Joshua S. Levy
   Joshua S. Levy  (BBO #563017)
   Christopher J. Walsh (BBO #685252)
   Ropes & Gray LLP
   800 Boylston Street
   Boston, MA 02199-3600
   Tel: (617) 951-7000
   joshua.levy@ropesgray.com
   christopher.walsh@ropesgray.com

   *Attorneys for Defendant Gordon Caplan*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 16, 2019, I filed the foregoing with the United States District Court for the District of Massachusetts using the CM/ECF system, and caused it to be served on all registered participants via the notice of electronic filing (the "NEF").

Dated: September 16, 2019

                                                /s/ Joshua S. Levy
                                                Joshua S. Levy